**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000655**
**13-NOV-2017**
**10:47 AM**

NO. CAAP-15-0000655

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
PHILLIP DEJESUS DELEON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1237)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Phillip DeJesus DeLeon (DeLeon) appeals from the August 5, 2015 Circuit Court of the First Circuit's[1] (Circuit Court) Judgment, Guilty Conviction, and Sentence. After a jury trial, the Circuit Court convicted DeLeon of Manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702(1)(a) (2014)[2] (Count 2), and Carrying or Use of Firearm in the Commission of a Separate Felony in violation of HRS § 134-21 (2011)[3] (Count 4). DeLeon was sentenced to twenty years in

---

[1] The Honorable Colette Y. Garibaldi presided.

[2] HRS § 707-702 provides, in relevant part:

**Manslaughter.** (1) A person commits the offense of manslaughter if:

(a) The person recklessly causes the death of another person[.]

[3] HRS § 134-21 provides, in relevant part:

**Carrying or use of firearm in the commission of a separate felony; penalty.** (a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate

(continued...)

Count 2, and twenty years with a mandatory minimum of fifteen (15) years in Count 4, with credit for time served and concurrent with any other term of imprisonment.

On appeal, DeLeon maintains the Circuit Court erred when it: (1) excluded evidence of the prior assault convictions of, and acts of violence by, decedent Shawn Powell (Powell) and Jermain Beaudoin (Beaudoin) for the purpose of proving they were the first aggressors; (2) prohibited expert witness testimony that cocaine amplifies the effects of alcohol and that the combination of cocaine, alcohol, and cocaethylene increase the risk of violent behavior, thereby depriving DeLeon of his right to present a complete defense in violation of his constitutional rights; and (3) refused DeLeon's request to instruct the jury they could consider the lesser included offense of assault in the second degree based on recklessly causing serious bodily injury.

After reviewing the points on appeal, the parties' arguments, the record on appeal, and legal authorities, we resolve DeLeon's points on appeal as follows and affirm.

1. DeLeon contends that the Circuit Court erred in not admitting evidence of prior assault convictions and specific acts of violence for the purpose of proving that Powell and Beaudoin[4] were the first aggressors. The trial court excluded Powell's two (2) June 13, 2000 convictions for assault in the second degree. DeLeon sought to introduce this evidence under Hawaiʻi Rules of Evidence (HRE) Rule 404(a)(2)[5] to show Powell was the first

---

[3](...continued)
felony, whether the firearm was loaded or not, and whether operable or not[.]

[4] Although Beaudoin was not the victim in either of the charges involved in this trial, he was part of the group that approached DeLeon before Powell was shot.

[5] HRE Rule 404(a)(2) provides,

**Character evidence not admissible to prove conduct; exceptions; other crimes.** (a) Character evidence generally. Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

. . . .

(continued...)

2

aggressor. The trial court also denied DeLeon's motion to present Beaudoin's August 8, 2000 conviction for assault in the second degree, and his October 29, 1998 conviction for assault in the third degree. DeLeon sought to introduce this evidence under HRE Rule 404(b)[6] to show Beaudoin was the first aggressor.

Where self-defense is claimed as a justification, Hawai'i courts look to who was the initial aggressor. See State v. Straub, 9 Haw. App. 435, 444, 843 P.2d 1389, 1393-94 (1993). "[A] defendant who claims self-defense to a charge of homicide is permitted to introduce evidence of the deceased's violent or aggressive character either to demonstrate the reasonableness of his apprehension of immediate danger or to show that the decedent was the aggressor." State v. Lui, 61 Haw. 328, 329, 603 P.2d 151, 154 (1979). "[T]he determination of whether proper foundation has been established lies within the discretion of the trial court." State v. Eid, 126 Hawai'i 430, 440, 272 P.3d 1197, 1207 (2012) (citation omitted). In Lui, the Hawai'i Supreme Court held that the evidence in the record did not support a factual dispute as to who was the aggressor and consequently, evidence of the victim's prior violent crimes could not be used

---

[5] (...continued)
> (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor[.]

[6]    HRE Rule 404(b) provides,

> (b)   Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

to prove the "deceased's aggression." 61 Haw. at 332, 603 P.2d 154.

Here, as DeLeon concedes in his opening brief, at the close of the State's case the evidence adduced clearly demonstrated that DeLeon was the aggressor. In his case-in-chief, DeLeon testified that in the parking lot someone in the group said, "there's that fucking Mexican;" because the group was already five to ten feet from him, he decided to retrieve the gun from his trunk; after he told the group to stay back and fired several warning shots, two members of the group ran away but Powell and two others continued to approach DeLeon, who pointed the gun at Powell; and Powell put his hands up and said, "What, you think one gun is going to stop us all?" DeLeon admitted that Powell did not attempt to take the gun away from DeLeon and that Powell's hands were open and raised and he was unarmed when DeLeon shot him. After DeLeon's testimony, DeLeon's counsel moved to have the assault convictions admitted on the basis there was a factual dispute regarding who was the first aggressor. Following argument by the parties, the Circuit Court found,

> The evidence is that Mr. Powell was the individual standing alone, palms-open gesture, no movement. This, and the testimony of the defendant that Mr. Powell made no movement other than to have his hand open and he was walking, the record does not appear to support that there is a factual dispute as to who was the aggressor.
>
> And the facts in Mr. DeLeon's matter, as [deputy prosecutor] indicated, are very similar to those that are cited in State v. [Lui], 61 Hawai'i 328.
>
> Subsequently, the request to use the bad acts, violent character evidence concerning Mr. Powell's prior conviction is denied as well.

While the Circuit Court excluded evidence of Powell's June 2000 assault convictions, it permitted evidence of Powell's 2006 or 2007 assault on a prosecution witness and Powell's attack on DeLeon earlier in the evening before the shooting. On this record, we cannot say the Circuit Court abused its discretion in excluding evidence of Powell's prior convictions.

Similarly, as to Beaudoin, the Circuit Court found no evidence that Beaudoin was the first aggressor in the parking

lot, as the court noted, "Mr. Powell was the individual standing alone[.]" The evidence also showed that Beaudoin was apparently one of the individuals to scatter prior to DeLeon shooting Powell. Therefore, the Circuit Court did not abuse its discretion in excluding the evidence of prior convictions and violent acts.

2. DeLeon contends that the Circuit Court erred in excluding the expert testimony of Dr. Edward Fisher (Dr. Fisher) because it denied his right to present a complete defense. Specifically, the Circuit Court precluded Dr. Fisher from explaining to the jury that the combination of cocaine, cocaethylene, and alcohol in a person's blood could increase the risk the person would engage in violent and aggressive conduct.

Whether or not expert testimony will be permitted is an inquiry made under HRE Rule 702.[7] Expert testimony assists the trier of fact by providing "a resource for ascertaining truth in relevant areas outside the ken of ordinary laity." State v. Batangan, 71 Haw. 552, 556, 799 P.2d 48, 51 (1990) (citations omitted). "[T]he touchstones of admissibility for expert testimony under HRE Rule 702 are relevance and reliability. State v. Vliet, 95 Hawai'i 94, 106, 19 P.3d 42, 54 (2001). The standard of review for the admission of expert testimony is abuse of discretion. Barcai v. Betwee, 98 Hawai'i 470, 479, 50 P.3d 946, 955 (2002).

On appeal from the first judgment in this case, the Supreme Court of Hawai'i held "HRE Rule 702 does not require a specific degree of certainty for the admission of scientific or other expert testimony[,]" State v. DeLeon, 131 Hawai'i 463, 481, 319 P.3d 382, 400 (2014) (DeLeon I), and that "trial courts should not require a 'reasonable degree of scientific certainty'

---

[7]    HRE Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. In determining the issue of assistance to the trier of fact, the court may consider the trustworthiness and validity of the scientific technique or mode of analysis employed by the proffered expert.

5

before admitting expert opinions but may exclude expert testimony based on speculation or possibility." Id. at 484, 319 P.3d at 403. During the first trial, the expert was willing to testify that Powell was under the influence of cocaine to a reasonable degree of scientific probability, but not willing to testify that Powell was under the influence of cocaine to a reasonable degree of scientific certainty as the circuit court erroneously required. Id.

In preparation for the trial on remand under consideration here, DeLeon sought to introduce the expert testimony of Dr. Fisher that Powell was under the influence of cocaine at the time of the shooting in the parking lot. After examination by the parties during an HRE Rule 104 hearing,[8] Dr. Fisher was able to conclude that Powell was under the influence of cocaine and alcohol at some point on the night of July 31, 2009. However, Dr. Fisher conceded he could only conclude to a reasonable degree of scientific probability that

---

[8] HRE Rule 104 provides:

(a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subsection (b). In making its determination the court is not bound by the rules of evidence except those with respect to privileges.

(b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

(c) Hearing of jury. Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require or, when an accused is a witness, if the accused so requests.

(d) Testimony by accused. The accused does not, by testifying upon a preliminary matter, subject oneself to cross-examination as to other issues in the case.

(e) Weight and credibility. This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility.

Powell was under the influence of alcohol at the time he was shot; he could not say whether Powell was under the influence of cocaine at the time he was shot. On redirect, defense counsel asked, "[b]ased on the information we have, can anyone testify or can anyone tell whether or not [Powell] was under the influence of cocaine at the time that he was shot?" Dr. Fisher answered, "[n]o. No one could."

In ruling on the admissibility of Dr. Fisher's proffered testimony, the Circuit Court concluded that it "would be confusing to the jury to receive his testimony with respect to the effects of cocaine in combination with alcohol, given that Dr. Fisher is unable to render the opinion that Mr. Powell was under the influence [of cocaine] at the time of the offense[.]" Mindful that the Hawaiʻi Supreme Court had held the trial court, "may exclude expert testimony based on speculation or possibility[,]" the Circuit Court exercised its discretion to exclude evidence based on speculation or possibility. Given that Dr. Fisher was unable to testify that Powell was under the influence of cocaine during the relevant time period, we cannot say that the court abused its discretion in excluding testimony regarding the effect of the combination of cocaine and alcohol on the risk of violence.

3. DeLeon contends the Circuit Court erred when it refused his request to instruct the jury that they could consider the offense of reckless assault in the second degree as a lesser included offense of murder in the second degree (Murder II). The Circuit Court permitted an instruction on the lesser included offenses of reckless manslaughter under HRS § 707-702 and assault in the second degree based on intentionally or knowingly causing substantial bodily injury under HRS § 707-711(1)(a), but refused the instruction on assault in the second degree based on recklessly causing serious bodily injury under HRS § 707-711(1)(b) (2014) (Reckless Assault II).

Murder in the Second Degree (Murder II) and Reckless Assault II are both comprised of a state of mind and the causation of a physical injury, and the crimes differ both in state of mind and the degree of physical injury. A person

7

commits the offense of Murder II "if the person intentionally or knowingly caused the death of another person." HRS § 707-701.5 (2014). As requested by DeLeon, a person commits Reckless Assault II if the person recklessly[9] causes serious bodily injury[10] to another. HRS § 707-711(1)(b).

Under HRS § 701-109(4)(a) (2014), "[a]n offense is so included when . . . [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." (emphasis added). In State v. Haanio, the Hawai'i Supreme Court held that "trial courts must instruct juries as to any included offenses when 'there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.'" 94 Hawai'i 405, 413, 16 P.3d 246, 254 (2001), overruled on other grounds, State v. Flores, 131 Hawai'i 43, 314

---

[9] HRS § 702-206 (2014) in relevant part provides,

**Definitions of states of mind**

. . . .

(3) "Recklessly."

(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

[10] HRS § 707-700 defines serious bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

P.3d 120 (2013)). The test for giving a lesser-included offense instruction focuses on whether under "any view of the evidence[,]" there is a rational basis for the jury to acquit of the charged offense and convict of the lesser-included offense. State v. Flores 131 Hawai'i at 53, 314 P.3d at 130.

State v. Kaeo, 132 Hawai'i 451, 465, 323 P.3d 95, 109 (2014), upon which DeLeon primarily relies, is distinguishable. There, the court found a rational basis in the evidence for an instruction on assault in the first degree--the intentional or knowing causation of serious bodily injury-- because Kaeo testified that he was only trying to hurt the victim, he did not know how seriously he was trying to hurt the victim, he attacked the victim with an improvised weapon, he only attacked the victim through the car window rather than escalating by opening the door, he did not aim for any particular part of the victim's body, it was dark and he "couldn't see blood[,]" afterwards he attempted to take the victim to the hospital, and there was conflicting testimony as to whether Kaeo had said he wanted to kill the victim. Id. at 458, 465-66, 323 P.3d at 101, 109-10. Here, the State presented evidence that DeLeon fatally shot Powell--who was unarmed--once, at close range, in the heart. DeLeon testified that he did not mean to kill Powell, but meant to shoot him in the shoulder in self-defense. Thus, DeLeon's testimony established that he intended to shoot Powell, and although he may not have intended to kill Powell, the gunshot resulted in Powell's death. The jury found DeLeon guilty of the included offense of reckless manslaughter. Given the circumstances of this case, an intentional gunshot fired at Powell which hit him in the heart and resulted in his death, we conclude that there was no rational basis for acquitting DeLeon of reckless manslaughter, yet convicting him of reckless second-degree assault. In other words, there was no rational basis based on the evidence presented for the jury to find that DeLeon recklessly caused serious bodily injury but did not

recklessly cause death.  Therefore, the Circuit Court did not err in failing to instruct on reckless second-degree assault.

Based on the foregoing, we affirm the August 5, 2015 Judgment entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, November 13, 2017.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge